# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Peter N. Morse, *et al.*,

    Plaintiffs,

v.

Specialized Loan Servicing, LLC,

    Defendant.

Case No. 2:16-cv-689

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

After accepting an Offer of Judgment, Plaintiffs moved for attorney's fees in this case. ECF No. 36. The Court denied that motion without prejudice and referred any successive motion to Magistrate Judge Jolson for a Report and Recommendation ("R&R"). Order, ECF No. 39. Plaintiffs thereafter filed a second motion for attorney's fees, ECF No. 40, seeking $37,192.87. ECF No. 40.

After that motion was fully briefed, Magistrate Judge Jolson issued an R&R recommending the Court grant in part and deny in part Plaintiffs' motion and award a total of $27,754.30 in attorney's fees. R&R, ECF No. 45. Specifically, Judge Jolson recommended reducing the hourly rate for Plaintiffs' attorneys and paralegals by 20% after finding that the hourly rates proposed by Plaintiffs were inconsistent with the Ohio State Bar Association ("OSBA") survey for attorneys and paralegals in central Ohio with comparable levels of experience. *Id.* at 3–6. Additionally, Magistrate Judge Jolson recommended reducing the compensable

hours billed by 16.1 hours with respect to the hours Plaintiffs' attorneys charged for working on initial disclosures, the initial motion for attorney's fees, and for time spent on communications regarding the underlying foreclosure case rather than the federal case. *Id.* at 6–12. These two reductions result in the R&R's recommendation that the Court award $27,754.30 in attorney's fees.

Plaintiffs object to the R&R's recommendation only as it relates to the hourly rate.[1] Obj., ECF No. 46. Defendant does not object to the R&R and asks the Court to adopt the same. Resp., ECF No. 47.

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Neither party objects to the Magistrate Judge's recitation of the law regarding the reasonableness of fees, and the Court adopts the same. Moreover, although the lodestar approach is comprised of the number of hours reasonably expended multiplied by a reasonable hourly rate, as mentioned, Plaintiffs do not object to the Magistrate Judge's recommendation to reduce the number of hours billed. Rather, Plaintiffs object only to the Magistrate Judge's recommendation

---

[1] Accordingly, the Court adopts without conducting a *de novo* review the other recommendations in the R&R.

regarding the reasonableness of the hourly rates charged by Plaintiffs' counsel and paralegals.[2] Accordingly, the Court considers only the reasonableness of Plaintiffs' counsel's hourly rate.

Plaintiffs contend that the hourly rate of $195–$245 for first and second year attorneys is not unreasonably high, contrary to the Magistrate Judge's recommendation. Plaintiffs do not object to the Magistrate Judge's finding that Mr. Doucet's affidavit is not alone sufficient to establish the reasonableness of the hourly rates, and Plaintiffs' second motion for fees fails to offer affidavits from other attorneys in the field to attest to the reasonableness of the hourly rates. Accordingly, the Court turns to the only objective evidence in the record. In briefing Plaintiffs' renewed motion for attorney's fees, Plaintiffs relied on "The Economics of Law Practice in Ohio in 2013" ("ELPO") as "evidence of the prevailing market rate in the relevant community." Reply 4, ECF No. 44. Plaintiffs argued that, according to ELPO, the average billing rate for consumer lawyers in Ohio was $341 per hour. See ELPO, ECF No. 36-5, PAGEID # 428.

---

[2] Plaintiffs fail to develop an argument as to the Magistrate Judge's conclusion with respect to the paralegals' fees. Contrary to the argument in Plaintiffs' objection, the R&R did not take issue with only one paralegal who charged at a rate of $148 per hour but rather noted that the five paralegals who worked on the case charged at rates from $95–$148 and that four of the five paralegals had no experience. The R&R noted that The Economics of Law Practice in Ohio in 2013 states that a paralegal with no experience typically earns less than $80 an hour. Based on this, the R&R recommended applying the 20% reduction in fees to both attorney's fees and paralegal fees. As Plaintiffs failed to develop an objection to the recommendation with respect to the reasonableness of the paralegals' fees, the Court adopts the same without conducting a *de novo* review.

As the Magistrate Judge correctly noted, however, that figure is an average billing rate of all consumer law attorneys in Ohio and fails to account for both the level of experience and the geographical location in which an attorney practices. Here, Plaintiffs had seven attorneys billing on this case, four of whom were not even admitted to the bar at the time the Complaint was filed. Six of the seven attorneys working on this case had less than two years' experience at the time they worked on the case. ELPO—on which Plaintiffs' attorneys base in part their billable rates, Doucet Aff. ¶ 11, ECF No. 36-1—reflects that the average billing rate in Ohio of an attorney with one–two years' experience is $153 per hour, and the average rate for all attorneys in central Ohio is $187 per hour. ELPO, ECF No. 36-5, at PAGEID # 427. While the average rates for all attorneys in central Ohio with one–two years' experience may not reflect the average rate for consumer law attorneys with one–two years' experience, the Court finds that the rates reflecting years of experience and geographical location are more useful than the average billable rates for all consumer law attorneys. Therefore, ELPO, which is the only objective evidence Plaintiffs put forward on their original or renewed motion for attorney's fees as to the reasonableness of their attorneys' hourly rates, simply does not support a billable rate between $195–$245 for the majority of the attorneys who billed to this case. Nor does it support a rate of $350 per hour for another attorney. *See* ELPO, ECF No. 36-5, at PAGEID # 427 (finding average hourly rate for an attorney with six–ten years' experience is $207 per hour).

Thus, on objection, Plaintiffs point to the United States Consumer Law Attorney Fee Survey Report for 2015–2016 to support the reasonableness of Plaintiffs' attorneys' hourly rates. The Court declines, however, to consider evidence that Plaintiffs cite for the first time in their objections to the R&R. Whether to consider new evidence submitted for the first time on an objection to a magistrate judge's R&R is within the district court's discretion. *See, e.g., Muhammed v. Close*, No. 08-1944, 2009 WL 8755520, at *1 (6th Cir. Apr. 20, 2009) ("[T]he fact that the [evidence] had not been presented to the magistrate judge was a sufficient reason [for the district court] to disregard the [evidence]."); *Thompson v. Richardson*, No. 1:12-cv-1332, 2013 WL 4780265, at *1 (W.D. Mich. Sept. 5, 2013) ("It is well established that 'a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.'") (quoting *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)). The discretion to accept new evidence, however, "must be exercised sparingly . . . . [T]he magistrate's role [would be] reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Moore v. United States*, No. 14-114, 2016 WL 4708947, at *2 (E.D. Ky. Sept. 9, 2016) (quoting *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008)). Therefore, allowing new evidence for the first time on objection is thus disfavored. *Id.* at *3 (citation omitted).

The survey was available at the time Plaintiffs filed their renewed motion as well as their reply to the same, yet they failed to cite it. Since Plaintiffs failed to argue or cite to the survey until their objection to Magistrate Judge Jolson's R&R, instead choosing to rely exclusively on ELPO to support their fee request, the Undersigned exercises his discretion to exclude this newly presented evidence from consideration.

In sum, the Undersigned agrees that ELPO supports a much lower hourly rate than that charged by Plaintiffs' attorneys. Moreover, an across-the-board cut of 20% still puts the hourly rates *above* the average rates in ELPO for attorneys with commensurate levels of experience as Plaintiffs' attorneys. Thus, even though the ELPO rates based on years of experience and geographical location do not take into account the specialty of consumer law, Magistrate Judge Jolson's recommendation still permits recovery at above those rates, which the Undersigned finds fairly accounts for any increase in hourly rate charged by consumer law attorneys in the relevant market.[3]

Nor is the Court persuaded that a consideration of the factors outlined in Ohio Rule of Professional Conduct 1.5 renders Plaintiffs' attorneys' proposed hourly rates reasonable in this case. As a preliminary matter, counsel did not cite to this rule in either their original or renewed motion or in the briefing thereto. In

---

[3] This conclusion does not penalize Plaintiffs' attorneys for their young age or lack of experience, as counsel argues, see Obj. 9, ECF No. 46, but rather compensates them at the relevant market rates, taking into account such experience.

any event, the rule does not help Plaintiffs' counsel. The rule lists eight factors to consider in determining whether a fee is in excess of a reasonable fee:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent.

Ohio R. Prof. Conduct 1.5(a).

The second, third, fourth, fifth, and sixth factor counsel lower hourly rates than those charged by Plaintiffs' counsel in this case. There is no indication that counsel was precluded from other employment by taking on Plaintiffs' case, the Court has already addressed how Plaintiffs' counsel's proposed hourly rates are higher than the customary fee in this locality, despite first demanding actual damages in the amount of approximately $130,000, Plaintiffs ultimately accepted an offer of judgment for $3,000 in statutory damages, and there is no evidence as to any time limitations this case presented. Nor does the nature and length of the professional relationship with the client seem to justify the rates charged by counsel. Moreover, the eighth factor weighs against Plaintiffs' counsel's high hourly rates. There was no risk of nonpayment in this case. Plaintiffs' counsel

argues that it took on risk because the fee agreement provides, in certain instances, for the waiver of the balance of fees. Yet, the fee agreement requires Plaintiffs to pay the monthly obligation and only waives the accumulated balance if Plaintiffs fail to settle or prevail after an appeal. In other words, counsel is guaranteed a significant amount of fees even in the event of an adverse ruling. In addition, counsel highlights the fact that the client is refunded payments made if fees are recovered, but the fee agreement actually states that any award recovered in the case will first pay "all unpaid attorneys' fees and Expenses," and then is applied to third-party bills and expenses incurred in litigation before any of the award goes to the client. Fee Agmt., ECF No. 36-2, at PAGEID # 353. This is not a typical contingency fee agreement where the attorney takes on significant risk by taking on the case. Finally, the Court does not agree with Plaintiffs' counsel's argument that the time, difficulty, novelty, skill required to litigate this case, or the reputation of counsel's firm are sufficient to warrant the rates charged.

Finally, while the Court may consider awards in analogous cases in determining the reasonableness of a billing rate, *Thompson*, 2014 WL 7185313, at *4, the cases cited by Plaintiffs cut against their arguments. In 2014, *Thompson* approved a rate of $250 per hour for a consumer law attorney in Columbus, Ohio with *thirty years'* experience. *Id.* at *5. *Livingston v. Cavalry Portfolio Services, LLC*, No. 1:09-CV-384, 2009 WL 4724268 (N.D. Ohio Dec. 2, 2009) involved attorneys in a different venue, and the rate cited by Plaintiffs was

for the managing partner of the firm who had had fifteen years' experience at the time of the award. *Id.* at *6. Likewise, *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010) is distinguishable in that it involved a class action and was litigated in the Northern District of Ohio. It did not involve FDCPA or RESPA claims. Similarly, *Van Horn v. Nationwide Property and Casualty Ins. Co.*, 436 F. App'x 496 (6th Cir. 2011), involved class counsel and a relevant market of northeast Ohio. Further, the $450 per hour rate Plaintiffs cite from that case was the rate for partners. *Id.* at 498–99. Counsel has cited no cases, and the Court has found none, where their proposed fees were approved, or even where such fees were approved in this locality for attorneys of similar experience in an FDCPA or RESPA case. Although the Court does not base its determination of reasonable rates on prior cases, the lack of any case awarding similar attorneys a similar rate (or any affidavit from an objective attorney) undercuts Plaintiffs' argument that such rates are considered reasonable in this market.

In conclusion, on *de novo* review, the Court agrees with the Magistrate Judge that a 20% across the board reduction of fees reflects an hourly rate for Plaintiffs' attorneys commensurate with the relevant market rate for attorneys with comparable skill and experience. Accordingly, the Undersigned **OVERRULES** Plaintiffs' objections, **ADOPTS AND AFFIRMS** the R&R, **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' second motion for attorney's

fees, ECF No. 40, and **AWARDS** Plaintiffs attorney's fees in the amount of $27,754.30.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**